```
        IN THE UNITED STATES DISTRICT COURT FOR THE

                     DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
           Plaintiff,          )         8:14CR318
                               )
     v.                        )
                               )
DONALD HARVEY,                 )         MEMORANDUM AND ORDER
                               )
           Defendant.          )
_____)
```

This matter is before the Court on a number of motions filed by the defendant, Donald A. Harvey (hereinafter "defendant" or "Harvey"). Defendant has filed the following: (1) an Affidavit in Support of Motion for New Trial, New Counsel, Protective Petition" (Filing No. 89); (2) a "Motion for Stay-Protective Petition of Motion to Vacate, Set Aside, or Correct a Sentence" (Filing No. 90); (3) a "Motion for Notice of Docket Activity" (Filing No. 91); (4) a "Motion for New Counsel" and a "Motion for Plain Error-PSR/PSI (FRCRP 44, Local Rules 32)" (Filing No. 95); (5) a "Motion to Take Judicial Notice Motion of Plain Error" (Filing No. 97); (6) a "Motion for Continuance - Objection to P.S.R." (Filing No. 98); and (7) a motion and amended motion "For Leave to Issue Subpeonas [sic] Duces Tecum." *See* Filing Nos. 113, 117, and 118. After review of the filings and the applicable law the Court finds as follows.

**BACKGROUND**

On September 17, 2014, Harvey was indicted on a two-count indictment charging receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252(a)(4)(B) (Filing No. 1). On April 10, 2015, defendant moved to enter a plea of Nolo Contendere (Filing No. 40). The same day, the Court accepted defendant's plea of nolo contendere to Counts I and II of the aforementioned indictment despite an objection by the government.

Six days later on April 16, 2015, defendant moved to withdraw his plea of nolo contendere (Filing No. 48). On April 22, 2015, the Court held a hearing and denied defendant's motion to withdraw his nolo contendere plea. *See* Filing Nos. 45, 46, and 49.

On July 16, 2015, the Court overruled defendant's objections to the presentence report, granted defendant's motion for downward departure, and sentenced defendant to a term of 74 months on Counts I and II to run concurrently (Filing No. 57). The Court also sentenced defendant to a five-year term of supervised release on Counts I and II to also run concurrently with special conditions (Filing No. 59). In addition, the Court imposed a special assessment in the amount of $200 (*Id.*)

On July 27, 2015, defendant appealed the Court's judgment. *See* Filing No. 66. On July 13, 2016, the United

States Court of Appeals for the Eighth Circuit affirmed in part and reversed in part and remanded the case with instructions to vacate one of Harvey's convictions and to resentence him (Filing No. 92).[1]  The Eighth Circuit also concluded that this Court "did not abuse its discretion when it denied Harvey's motion to withdraw his plea." (*Id.* at 2).  However, the Circuit reasoned that "Harvey's two convictions violate the Double Jeopardy Clause because they arise out of the same act or transaction." (*Id.*)  Defendant filed the present motions both while his case was on appeal to the Eighth Circuit and after the case was remanded.

**DISCUSSION**

**I. Affidavit in Support of Motion for New Trial, New Counsel, Protective Petition**

Defendant entitles Filing No. 89 as an "Affidavit in support of Motion for New Trial, New Counsel, Protective Petition."  The contents of the affidavit seem to address defendant's appeal to the Eighth Circuit.  *See* Filing No. 89 ("I do submit this Affidavit . . . to support the Direct Appeal 15-2677.").  The Court of Appeals addressed Harvey's claim of innocence and held that the Court "did not abuse its discretion when it denied Harvey's motion to withdraw his plea . . . ." (Filing No. 92 at 7).  Therefore, defendant's Affidavit in

---

[1] The Eighth Circuit's opinion can also be found at *U.S. v. Harvey*, 829 F.3d 586 (8th Cir. 2016).

support of Motion for New Trial, New Counsel and Protective Petition will be denied for want of jurisdiction. Furthermore, to the extent the Court has jurisdiction, the Court will deny the motion as without merit and/or as moot in light of the Eighth Circuit's opinion.

### II. Motion to Stay Habeas Petition

Defendant entitles Filing No. 90 as a "Motion for Stay-Protective Petition of Motion to Vacate, Set Aside, or Correct a Sentence." Liberally construed, defendant seeks to toll the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Defendant "moves for an [o]rder to [s]tay the proceedings for the [s]ection 2255 [m]otion until the U.S. Court of Appeals for the Eighth Circuit renders a decision on the [d]efendants [sic] [d]irect [a]ppeal . . . ." (Filing No. 90 at 1). The Court will deny defendant's motion as untimely. *See Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965) (stating "[o]rdinarily resort cannot be had to U.S.C.A. § 2255 or habeas corpus while an appeal from conviction is pending.") (internal cites omitted)). Due to Harvey's direct appeal, the Eighth Circuit's remand for resentencing, and the fact that the Court has yet to resentence Harvey, there is no final judgment from which to start the running of the one-year statute of limitation

under AEDPA. Accordingly, Harvey's motion under 28 U.S.C. § 2255 is untimely and will be denied.

### III. Copy of Docket Activity

Defendant asks in Filing No. 91 "for a copy of the Notice of Docket Activity from any filings starting July of the year 2014 continuing until the date of th[e] motion." The Court finds that this motion should be granted. Accordingly, the Court will direct the clerk of the district court to send Harvey a copy of the notice of docket activity from July 2014 to the date of this order.

### IV. Motion for New Counsel and to Order a New Presentence Investigation and Report

In Filing No. 95, Harvey moves the Court to appoint new counsel and to "order a new presentence investigation and report." (Filing No. 95 at 1). As the Court has already appointed Mr. Gooch to represent defendant, the Court will deny as moot Harvey's motion to appoint new counsel. *See* Filing No. 102. Also, as will be discussed in more detail below, the Court will deny defendant's motion to order a new presentence investigation and report as an improper attempt to seek redetermination of issues beyond the scope of the Circuit's instructions.

### V. Judicial Notice

Liberally construed, Filing No. 97 asks the Court to take judicial notice of defendant's innocence. Under Federal Rule of Evidence 201, the Court will deny defendant's motion to judicially notice his innocence or any attorney misconduct or ineffective assistance of counsel provided by Matthew Kahler.

### VI. Motion to Continue

Defendant's motion to continue (Filing No. 98) will be denied as moot. Defendant's resentencing has already been continued until November 30, 2016.

### VII. Subpoenas Duces Tecum

Finally, defendant has filed a motion for leave to issue subpoenas duces tecum (Filing No. 113) and an amended motion for leave to issue subpoenas duces tecum (Filing No. 117). Harvey seeks to subpoena his "limited employment records . . . for periods of time directly relevant to the upcoming resentencing hearing and . . . presentence investigation reports for all cases similar to [his]." (*Id.* at 1). The government opposes the issuances of the subpoenas "as th[e] case is pending . . . for resentencing only." (Filing No. 116 at 1).

Both in his motion to have the Court order a new presentence investigation and report, and in his motion for leave to issue subpoenas, Harvey goes beyond the instructions provided by the Circuit. *See* Filing No. 92 at 2 ("We affirm in part,

reverse in part, and remand with instructions for the district court to vacate one of Harvey's convictions and resentence Harvey."); *see also id.* at 8 ("we reverse and remand to the district court 'to exercise its discretion to vacate one of the underlying convictions' and to resentence Harvey." (citing *Ball v. United States*, 470 U.S. 856, 864, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985))).

The Court reads the Circuit's instructions narrowly and "is bound to proceed within the scope of any limitations imposed by the appellate court." *United States v. Alaniz*, 413 F.3d 877, 878 (8th Cir. 2005) (internal marks and cites omitted); *see also United States v. Barnett*, 426 F. Supp. 2d 898, 904-05 (N.D. Iowa 2006) ("a remand for resentencing does impose some limits upon the jurisdiction of the sentencing court . . . requir[ing the court] to resentence a defendant in accordance with 18 U.S.C. § 3553 and with such instructions as may have been given by the court of appeals." (internal marks and cites omitted)); *United States v. Ross*, 491 Fed. App'x 740, 743 (7th Cir. 2012) ("If this Court remands to correct a discrete, particular error that can be corrected . . . without . . . a redetermination of other issues, the district court is limited to correcting that error." (internal marks and cites omitted)). The Court finds that Harvey's motions attempt to challenge his underlying conviction and not his sentence. The Court also finds that Harvey's motions

ask the Court for a redetermination of other issues beyond the Circuit's instructions. The Court refuses to make any unnecessary redetermination. Therefore, defendant's motion for leave to issue subpoenas duces tecum will be denied. Accordingly,

IT IS ORDERED:

1) Defendant's Affidavit in support of Motion for New Trial, New Counsel and Protective Petition is denied for want of jurisdiction. To the extent the Court has jurisdiction, the Court denies the motion as without merit and/or as moot in light of the Eighth Circuit's opinion.

2) Defendant's Motion for Stay-Protective Petition of Motion to Vacate, Set Aside, or Correct a Sentence is denied as untimely.

3) Defendant's Motion for Notice of Docket Activity is granted. The Clerk of the District Court is directed to send defendant a copy of the notice of docket activity from July 2014 to the date of this order.

4) Defendant's Motion to Appoint New Counsel is denied as moot. Defendant's request to order a new presentence investigation and report is denied.

5) Defendant's Motion to Take Judicial Notice of defendant's innocence and of his previous counsel's misconduct and/or ineffective assistance of counsel is denied.

6) Defendant's motion to continue is denied as moot.

7) Defendant's Motion for Leave to Issue Subpoenas Duces Tecum and Amended Motion for Leave to Issue Subpoenas Duces Tecum are denied.

DATED this 3rd day of November, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court