```
             IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,    )
                             )
                Plaintiff,   )         8:14CR318
                             )
     v.                      )
                             )
DONALD HARVEY,               )         MEMORANDUM AND ORDER
                             )
                Defendant.   )
_____)
```

This matter is before the Court on two motions filed by the defendant, Donald A. Harvey ("defendant" or "Harvey"). Defendant has moved the Court to reconsider the Court's denial for leave to subpoena presentence reports ("PSRs") (Filing No. 120). Defendant also asks the Court to take judicial notice of the PSRs, sentencing orders, and statements of reasons for nineteen cases pursuant to Fed. R. Evid. 201 (Filing No. 124). After review of the filings and the applicable law, the Court finds as follows.

**BACKGROUND**

On September 17, 2014, Harvey was indicted on a two-count indictment charging receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252(a)(4)(B) (Filing No. 1). On April 10, 2015, defendant entered a plea of Nolo Contendere to Counts I and II (Filing No.

41), which the Court accepted over an objection by the government.

Six days later, on April 16, 2015, defendant moved to withdraw his plea of Nolo Contendere (Filing No. 48). On April 22, 2015, the Court held a hearing and denied defendant's motion to withdraw his plea. *See* Filing Nos. 45, 46, and 49.

On July 16, 2015, the Court overruled defendant's objections to the presentence report, granted defendant's motion for downward departure, and sentenced defendant to a term of 74 months on each count, to run concurrently. Defendant was also sentenced to a five-year term of supervised release on each count, to also run concurrently (Filing No. 59). In addition, the Court imposed a special assessment in the amount of $200 (*Id.*)

On July 27, 2015, defendant appealed the Court's judgment. *See* Filing No. 66. On July 13, 2016, the United States Court of Appeals for the Eighth Circuit affirmed in part and reversed in part and remanded with instructions to vacate one of Harvey's convictions and resentence him (Filing No. 92).[1] The Eighth Circuit also concluded that the Court "did not abuse its discretion when it denied Harvey's motion to withdraw his plea."

---

[1] The Eighth Circuit's opinion can also be found at *U.S. v. Harvey*, 829 F.3d 586 (8th Cir. 2016).

(*Id.* at 2).  However, the Circuit reasoned that "Harvey's two convictions violate the Double Jeopardy Clause because they arise out of the same act or transaction."  (*Id.*)

On October 14, 2016, defendant filed an amended motion for leave to subpoena his employment records and PSRs for all cases similar to defendant's (Filing No. 117).  On November 3, 2016, the Court denied these motions (Filing No. 119).  On November 4, 2016, defendant moved for reconsideration of the Court's denial to subpoena PSRs (Filing No. 120).  However, defendant "has removed any claim that he [sic] allowed to subpoena work records . . . ."  Filing No. 121 at 1.  On November 22, 2016, defendant asked the Court to take judicial notice of nineteen cases that Harvey asserts are similarly situated to this case (Filing No. 124 at 1).

**DISCUSSION**

**A. Motion to Reconsider**

"A district court has broad discretion in determining whether to grant or deny a [motion to reconsider]" regardless of whether the party moves under Rule 60(b) or Rule 59(e).  *United States v. Metro. St. Louis Sewer* Dist., 440 F.3d 930, 933 (8th Cir. 2006).  In civil cases, a "motion for reconsideration serves the limited function of correcting manifest errors of law or presenting newly discovered evidence."  *United States v. Luger*,

837 F.3d 870, 875 (8th Cir. 2016) (internal quotation and citation omitted).  The Eighth Circuit declined to decide whether to impute the civil standard into the criminal context.  *Luger*, 837 F.3d at 876.  At a minimum, the cases the Eighth Circuit cited in *Luger* imputing the civil standard into the criminal context provide additional support for a district court's discretion in deciding whether to grant a motion for reconsideration.  *See id*. at 875-76; *See also*, *Id*. at 878 (Colloton, J. concurring in judgment).

Rule 32 of the Federal Rules of Criminal Procedure does not specifically address disclosure of PSRs to third parties. *See* Fed. R. Crim. P. 32.  "The consensus of the reported cases appears to be that the interest of the criminal justice system in the confidentiality of presentence reports either precludes third-party disclosure altogether or requires a strong showing that disclosure is necessary in the interest of justice."  Tim A. Thomas, J.D., *Disclosure to third party of presentence report under Rule 32(c), Federal Rules of Criminal Procedure*, 91 A.L.R. Fed. 816 (Originally published in 1989).  The Eighth Circuit is among the jurisdictions holding that confidentiality should not be "lifted" unless it is "required to meet the ends of justice." *United States v. Shafer*, 608 F.3d 1056, 1066 (8th Cir. 2010); *see*

*also United States v. Figurski*, 545 F.2d 389, 391 (4th Cir. 1976).

The Court finds that disclosure of other defendants' PSRs for Harvey's stated purpose does not meet the standard adopted by the Eighth Circuit.  *See Shafer*, 608 F.3d at 1066.  Accordingly, defendant's motion to reconsider will be denied.

**B. Motion to Take Judicial Notice**

Defendant asks the Court to take judicial notice of sealed court documents in an effort to adduce evidence of purported disparities in sentencing (Filing No. 125 at 3).  In order to assure fairness in sentencing, Congress has adopted the United States Sentencing Guidelines.  "Section 3553(a)(6) requires judges to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  *Gall v. United States*, 552 U.S. 38, 54, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).  "[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges."  *Gall*, 552 U.S. at 54.  Accordingly, when a "[d]istrict [j]udge correctly calculate[s] and carefully review[s] the Guidelines range, he necessarily [gives] significant weight and consideration to the need to avoid

unwarranted disparities." *Id.*; *see also United States v. Chapman*, 694 F.3d 908, 916 (7th Cir. 2012)(holding that § 3553(a)(6) is "taken into account whenever . . . the sentencing court imposes a prison term within the guidelines range.").

The Court finds that it is not necessary to delve into the unique facts and circumstances of nineteen other defendants' cases in order for the Court to sentence Harvey in accordance with § 3553(a). Accordingly, defendant's motion for the Court to take judicial notice will be denied.

IT IS ORDERED:

1) Defendant's motion for reconsideration is denied.

2) Defendant's motion to take judicial notice of the nineteen presentence investigation reports, sentencing orders, and statements of reasons is denied.

DATED this 5th day of December, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court